NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4507
_____

UNITED STATES OF AMERICA

v.

SARA MARIE SMITH
also known as
Sally Smith

Sara Marie Smith,
                    Appellant

_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(D.C. Criminal Action No. 4-08-cr-00092-001)
District Judge:  Honorable John E. Jones, III
_____

Submitted Under Third Circuit LAR 34.1(a)
November 17, 2010
_____


Before:  AMBRO, FISHER, and GREENBERG, Circuit Judges

(Opinion filed    November 23, 2010  )
_____

OPINION
_____

AMBRO, Circuit Judge

Sara Marie Smith pled guilty to one count of bank fraud, 18 U.S.C. § 1344, and the District Court sentenced her to 63 months' imprisonment. Smith appeals that sentence, arguing that the District Court erred when it enhanced her base offense level under § 3B1.3 of the United States Sentencing Guidelines by two levels based on its conclusion that she abused a position of trust in the course of committing the offense.[1] We affirm.

## I.  Background

Smith was employed as a bookkeeper and office manager for a car dealership, Clark Motor Company ("CMC"), where she was responsible for the daily administration of CMC's finances, including its "floor plan line of credit loan" and business checking account. Smith used the former to finance the purchase of vehicles for re-sale; thus, to purchase new inventory, she would first obtain funds from the floor plan line of credit, and then transfer these funds to CMC's business checking account.

Between November 2005 and January 2007, Smith fraudulently drew from the floor plan line of credit about $9 million in advances for vehicles that CMC never purchased. She then re-submitted some of this money back to M&T Bank, which administered the line of credit, in order to prevent detection of the scheme. However, Smith did not resubmit all of the money, and M&T Bank ultimately incurred a loss of $1,580,173.50. Additionally, Smith wrote $59,452.37 in fraudulent checks to herself and

---

[1] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

to the consumer loan companies from which she and her husband had obtained personal auto loans. These funds were drawn on CMC's accounts.

After Smith pled guilty, the probation office completed a presentence report ("PSR") that recommended, in relevant part, that Smith's sentence be enhanced by two levels because she had abused a position of trust in a manner that significantly facilitated the commission or concealment of the offense. Smith objected to this portion of the PSR, and argued that it was not her bookkeeper position that enabled her to commit the fraud, but rather that her supervisors at CMC had failed to exercise appropriate oversight over her activities. The District Court rejected this argument, reasoning that, even if CMC "placed misguided trust in Smith," the position-of-trust enhancement was still appropriate because she accomplished the fraud in her role as bookkeeper.

## II. Discussion

Smith contends that, as a bookkeeper, she did not occupy a position of trust as contemplated by U.S.S.G. § 3B1.3.[2] We review the District Court's conclusion to the contrary *de novo*. *United States v. Dullum*, 560 F.3d 133, 140 (3d Cir. 2009).

To determine whether a defendant is in a position of trust for sentence enhancement purposes, we consider "(1) whether the position allows the defendant to commit a difficult-to-detect wrong; (2) the degree of authority which the position vests in the defendant vis-à-vis the object of the wrongful act; and (3) whether there has been reliance on the integrity of the person occupying the position." *United States v. Pardo*,

---

[2] In relevant part, U.S.S.G. § 3B1.3 states that "[i]f the defendant abused a position of public or private trust . . . in a manner that significantly facilitated the commission or concealment of the offense, increase by 2 levels."

25 F.3d 1187, 1192 (3d Cir. 1994). Further, "[t]hese factors should be considered in light of the guiding rationale of the section—to punish 'insiders' who abuse their positions rather than those who take advantage of an available opportunity." *Id.*

On appeal, Smith makes two closely related arguments: first, that her fraud was not "difficult to detect," and thus the only reason it was not detected was her manger's inattention; and second, that she did not possess substantial discretion as to the administration of CMC's various accounts, nor did she owe CMC a fiduciary duty. They fail.

First, it does not help Smith that her fraud was rendered "difficult to detect" because she was not closely supervised. To the contrary, the relevant inquiry is neither whether the wrong was difficult to detect in any objective sense, nor whether a different employer would have found it easy to detect. Instead, it is whether the "real scope" of Smith's job—including the *de facto* level of supervision that she received—made it easy for her to conceal her fraudulent conduct. *United States v. Thomas*, 315 F.3d 190, 204 (3d Cir. 2002) (health aide occupied position of trust vis-à-vis client because client "did not monitor Thomas closely and appeared to rely on her judgment and integrity"); *see also United States v. Lofink*, 564 F.3d 232, 242 n.20 (3d Cir. 2009) (defendant was in a "*de facto* position of trust" because his employer delegated responsibility to him and did not scrutinize his decisions). Applying that standard, it is apparent that if Smith's supervisors largely left her to her own devices, that works against Smith's position, not in favor of it.

Second, Smith argues that the position-of-trust enhancement does not apply to her because she "occupied a purely ministerial position with [CMC] as opposed to a fiduciary position." However, our cases have never indicated that the position-of-trust enhancement applies only to fiduciaries. To the contrary, our cases state only that "one has been placed in a position of trust when, by virtue of the authority conferred by the employer and the lack of controls imposed on that authority, he is able to commit an offense that is not readily discoverable." *United States v. Craddock*, 993 F.2d 338, 342 (3d Cir. 1993) (teller responsible for paying out Western Union orders was in position of trust because crime exploited the fact that employer had delegated to tellers authority to verify identity of those requesting payouts). And, for the reasons outlined above, it is readily apparent here that CMC delegated to Smith the authority to obtain loans for vehicle purchases and to issue checks, and placed no external controls on that authority.

Accordingly, the District Court did not err in concluding that the abuse-of-position-of-trust enhancement applied to Smith.

\* \* \* \* \*

For these reasons, we affirm the sentence imposed by the District Court.

5